**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PAUL PADILLA-RODRIGUEZ, also
known as Jose Luis Negron-Torres,

Defendant-Appellant.

No. 06-3264
(D.C. No. 04-CR-40154-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **TYMKOVICH**, Circuit Judges.

Defendant Paul Padilla-Rodriguez pled guilty, pursuant to a plea

agreement, to aggravated re-entry into the United States as a previously removed

alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Under the terms of the plea

agreement, he waived his right to appeal or collaterally attack any matter in

connection with his prosecution, conviction or sentence, except to the extent that

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

the district court departed upward from the applicable sentencing guideline range, as determined by the court.[1] The district court determined that the advisory sentencing guideline range was seventy to eighty-seven months' imprisonment, and it imposed a seventy-month sentence on defendant.

Notwithstanding the appeal waiver, defendant appealed. He raised three claims: that the district court erred in denying his motion to withdraw his guilty plea, erred in denying his request for new counsel, and imposed an unjust sentence. The government has moved to enforce the appeal waiver under *United*

---

[1] The text of the appeal waiver states:

11. <u>Waiver of Appeal and Collateral Attack</u>.
Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

Plea Agreement at 8-9.

*States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (per curiam) (en banc).  We grant the motion and dismiss the appeal.

In *Hahn*, this court held that a waiver of appellate rights will be enforced if (1) "the disputed appeal falls within the scope of the waiver of appellate rights;" (2) "the defendant knowingly and voluntarily waived his appellate rights;" and (3) "enforcing the waiver would [not] result in a miscarriage of justice." 359 F.3d at 1325.  The government's motion addresses all of these considerations, explaining why none of them undermine defendant's appeal waiver.  In this regard, we note that, "an appeal of a denial of a motion to withdraw a guilty plea is an attempt to contest a conviction on appeal and thus falls within the plain language of [an appeal] waiver provision." *United States v. Leon*, ___ F.3d ___, No. 06-3195, 2007 WL 416913, at *2 (10th Cir. Feb. 8, 2007) (alteration in original; quotation omitted).  Defendant has responded that the motion should be denied because he did not knowingly and voluntarily waive his appellate rights and enforcing the plea agreement would result in a miscarriage of justice.  He does not dispute that the claims raised in his appeal fall within the scope of the appeal waiver, and thus, we need not address this factor. *Id*. at *1.

## Knowing and Voluntary Waiver

Defendant claims that he did not knowingly and voluntarily waive his appellate rights because he lacks understanding of the English language.  He argues that the court should take into consideration his body language or

-3-

non-spoken gestures and his lack of formal education. In determining whether defendant's waiver of his right to appeal was made knowingly and voluntarily, we consider "whether the language of the plea agreement states that [he] entered the agreement knowingly and voluntarily" and whether there is "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Defendant bears the "burden to present evidence from the record establishing that he did not understand the waiver." *Id.* at 1329 (quotation omitted).

He has not met this burden. The transcripts of defendant's Rule 11 plea colloquy demonstrate that he was given an interpreter at the start of the Rule 11 plea colloquy, and that the entire colloquy and plea hearing proceedings were translated to and for him. The defendant stated that he had a ninth-grade education. At no time did he indicate that he had any difficulty understanding the charges against him, the plea agreement, the appeal waiver, or any aspect of the plea colloquy, and he offers no evidence now that the interpreter was inadequate or insufficient. At the plea colloquy, the court summarized the plea agreement, and informed him of the constitutional rights he was waiving, including the right to appeal. Defendant represented to the court that he had reviewed the written plea agreement, which he signed, with his attorney, that he was entering into the plea agreement of his own free will, that he had a full opportunity to discuss with his attorney the constitutional rights he was waiving, including his right to appeal, and that he was satisfied with his attorney's representation. "[S]tatements made

-4-

in a plea colloquy are presumed to be true." *United States v. Edgar*, 348 F.3d 867, 873 (10th Cir. 2003). On these facts, we find that defendant's appeal waiver was knowingly and voluntarily given.

Miscarriage of Justice

Defendant argues that enforcement of the plea agreement would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See Hahn*, 359 F.3d at 1327 (holding that a miscarriage of justice will result if "the waiver is otherwise unlawful," to the extent that the alleged error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.") (quotation omitted). He contends that enforcing the appeal waiver would be unjust because the district court (1) included a ten-year old conviction in calculating his criminal history category and enhancing his sentence, and (2) did not exercise its discretion to grant a downward departure under U.S.S.G. § 5K3.1, in order to avoid sentencing disparities between offenders where he was sentenced and those sentenced in so-called "fast track" districts. *See United States v. Martinez-Trujillo*, 468 F.3d 1266, 1268 (10th Cir. 2006) (explaining nature of potential sentencing disparity and holding that sentence is not rendered unreasonable by sentencing court's failure to consider this sentence-disparity issue).

Quite clearly, however, defendant waived the right to assert these claims on appeal when he waived the right to appeal any sentence imposed that was within

the guideline range determined appropriate by the court. The miscarriage of justice exception looks to whether "*the waiver* is otherwise unlawful," *Hahn*, 359 F.3d at 1327 (emphasis added), not whether some other aspect of the proceeding may have involved legal error. "The relevant question . . . is not whether [defendant's] sentence is unlawful . . ., but whether . . . his appeal waiver itself [is] unenforceable." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir.), *cert. denied*, 126 S. Ct. 550 (2005).

The plea agreement here made clear the maximum sentence defendant faced for the crime of conviction, that he gave up multiple constitutional and appellate rights in exchange for concessions from the government, and that his sentence would be determined by taking into consideration the applicable advisory guidelines. As in *Porter*, the sentence imposed by the district court complied with the terms of the plea agreement and with the understanding of the plea defendant expressed at the plea hearing. Defendant has not demonstrated that it would be a miscarriage of justice to enforce the waiver.

The government's motion to enforce the waiver is GRANTED and the appeal is DISMISSED. The mandate shall issue forthwith.

> ENTERED FOR THE COURT
> PER CURIAM