**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL DUANE RABIEH,

Defendant-Appellant.

No. 07-6215
(D.C. No. 07-CR-00058-C-2)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

Defendant Michael Duane Rabieh pleaded guilty, pursuant to a plea

agreement, to one count of distribution of a quantity of methamphetamine in

violation of 21 U.S.C. § 841(b)(1)(C). The district court sentenced Mr. Rabieh to

151 months' imprisonment, five years' supervised release, and the payment of a

$100 special assessment. This sentence was at the bottom of the 151 to 188

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

month advisory guideline range determined by the district court. Mr. Rabieh filed an appeal, even though he agreed in his plea agreement to waive his right to appeal if his sentence was "within or below the advisory guideline range determined by the [c]ourt." Mot. to Enforce, Ex. 2 (Plea Agrmt.) at 6. The government has moved to enforce the plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

In *Hahn*, 359 F.3d at 1325, this court held that "in reviewing appeals brought after a defendant has entered into an appeal waiver," this court will determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Id.* at 1327 (quotation omitted).

Mr. Rabieh contends that the motion to enforce should be denied because he did not knowingly and voluntarily waive his appellate rights because (1) he was not advised that he would be sentenced as a career offender, and (2) the

district court relied on an impermissible factor when it characterized his prior crime of larceny as a crime of violence.  Resp. to Mot. to Enforce, at 2-3.

In determining whether Mr. Rabieh's waiver of his right to appeal was made knowingly and voluntarily, we consider "whether the language of the plea agreement states that [he] entered the agreement knowingly and voluntarily" and whether there was "an adequate Federal Rule of Civil Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325.  Mr. Rabieh bears the "burden to present evidence from the record establishing that he did not understand the waiver." *Id.* at 1329 (quotation omitted).

Mr. Rabieh fails to meet his burden.  The plea agreement stated that Mr. Rabieh "knowingly and voluntarily waives" his right to appeal or collaterally challenge his guilty plea or "his sentence as imposed by the Court and the manner in which the sentence is determined . . . ."  Plea Agrmt. at 5, 6.  It clearly explained that the maximum term of imprisonment was twenty years, *id*. at 2, that the district court would consider the factors in 18 U.S.C. § 3553(a) and the advisory Sentencing Guidelines, *id*. at 3, and had the authority to impose *any* sentence within the 20-year maximum sentence, *id*. at 5 (emphasis added).  It further stated that both parties reserved the right to advocate for and present evidence relevant to guideline adjustments. *Id*. at 4.  Mr. Rabieh signed the plea agreement after acknowledging that he had discussed it with his attorney and understood it.  *Id.* at 11.

Furthermore, Mr. Rabieh signed a Petition to Enter Plea of Guilty, in which he stated that he knew the sentence was to be determined solely by the district court and could be up to twenty-years' imprisonment. Mot. to Enforce, Ex. 1, at 4. Mr. Rabieh also agreed that he knew that "there is no limitation placed on the information the judge can consider at the time of sentencing concerning [his] background, character and conduct," and that the district court would take these factors into consideration at sentencing. *Id.* at 6. He further agreed that the guilty plea and the waivers of his rights were made voluntarily and completely of his own free choice, *id.* at 8, that no one had made him any promises or predictions about the sentence that would be imposed, *id.* at 9, and that there was no further information he wanted before entering a plea, *id.* at 10.

Likewise, at the plea colloquy, Mr. Rabieh stated that he understood the rights he was waiving and the terms of the plea agreement and that he was pleading guilty voluntarily. Mot. to Enforce, Ex. 3 (Tr. of Change of Plea Hr'g) at 5-11. He stated he understood there that if the sentencing guideline determination differed than how he expected, he still would not have a right to appeal, *id.* at 10, and he acknowledged his understanding that even if the district court made an error of law at sentencing, he was giving up his right to appeal that error, *id.* at 12-13.

Mr. Rabieh has the burden to show that he did not knowingly and voluntarily waive his right to appeal. *See United States v. Edgar*, 348 F.3d 867,

872-73 (10th Cir. 2003). "A mere silent record does not satisfy this burden." *Id.* at 873. Mr. Rabieh presents no record evidence showing that he did not understand the waiver, and nothing in the record suggests that he did not knowingly and voluntarily enter into the plea agreement. Knowledge of the specific claims of error in sentencing is not a prerequisite for a knowing waiver of the right to appeal the sentence. *Hahn*, 359 F.3d at 1326. In deciding whether a waiver is knowing and voluntary, the focus is on the "right relinquished" rather than on the "prospective result of the sentencing proceeding." *Id.* Therefore, Mr. Rabieh's claimed unawareness that his past convictions could trigger a career offender enhancement has no bearing on whether he knowingly and voluntarily entered into the appeal waiver.

Accordingly, based on the language of the plea agreement, the plea petition, and his reaffirmation of the plea agreement's provisions during the Rule 11 colloquy, we conclude Mr. Rabieh knowingly and voluntarily waived his right to appeal his sentence. We GRANT the government's motion to enforce the plea agreement and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM