**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

MICHAEL DUANE RABIEH,

Defendant-Appellee.

No. 08-6257

(W.D. of Okla.)

(D.C. No. 5:08-CV-00802-C and
5:07-CR-00058-C-2)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Michael Duane Rabieh is a federal prisoner serving a 151-month sentence for distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Rabieh pleaded guilty to the drug charge and entered into a plea agreement which, among other things, waived his right to appeal or collaterally challenge his conviction and sentence.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Proceeding pro se, he now seeks a certificate of appealability (COA) to challenge the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1]  The district court determined Rabieh's waiver of his right to collaterally challenge his sentence was knowing and voluntary, and denied all of his claims.

We agree Rabieh is not entitled to relief under § 2255 and therefore DENY his request for a COA.

## I.  Background

The more detailed facts of this case are set forth in our earlier opinion, *United States v. Rabieh*, 259 F. App'x 143 (10th Cir. Dec. 20, 2007).  We therefore only briefly summarize the pertinent issues.  After pleading guilty to one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), Rabieh entered into a plea agreement whereby he, among other things, "knowingly and voluntarily waive[d] his right to" (1) "[a]ppeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction," and (2) "[a]ppeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined

---

[1]  Because Rabieh proceeds pro se, we construe his pleadings liberally. *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994).

by the Court." R., Vol. I, Doc. 33 at 5–6. The agreement further provided that the "maximum penalty that could be imposed as a result of th[e] plea is 20 years imprisonment" and that the sentencing court "ha[d] jurisdiction and authority to impose any sentence within the statutory maximum." *Id.* at 2, 5.

Prior to sentencing, a presentence report (PSR) was prepared indicating that Rabieh had two prior felony convictions that qualified as crimes of violence under USSG § 4B1.1—thereby subjecting Rabieh to the career offender enhancement. Based on this information, the PSR calculated his total offense level as 29, his criminal history category as VI, and his advisory guideline range as 151 to 188 months' imprisonment. The district court sentenced Rabieh to 151 months, the bottom of the guideline range.

Despite the plea agreement, Rabieh pursued a direct appeal, arguing his waiver was not knowing and voluntary because he was not advised of the potential for the career offender enhancement. We rejected his contentions, enforced the plea agreement, and dismissed his claims. *Rabieh*, 259 F. App'x at 145.

Rabieh then filed a § 2255 motion to vacate the sentence and conviction in federal district court. In particular, he alleged ineffective assistance of counsel on several bases: (1) counsel's alleged failure to object to the district court's characterization of his prior felony convictions as crimes of violence; (2) counsel's alleged failure to inform him that he could be subject to the career

offender enhancement; (3) counsel's alleged representation that an agreement had been reached for a prison term between 41 and 51 months; and (4) counsel's alleged procedural error in failing to object to the timing and disclosure of the PSR.

The district court denied the motion and Rabieh's subsequent request for a COA, finding his challenge was precluded by his knowing and voluntary waiver of his right to collaterally attack his conviction and sentence. Specifically, the district court concluded that none of Rabieh's claims of ineffectiveness tainted his waiver of appellate and collateral review.

Rabieh now seeks a COA from this court on the same grounds.

## II. Discussion

Before a district court's denial of a motion for relief pursuant to § 2255 may be appealed, either the district court or this court must issue a COA. 28 U.S.C. § 2255(c)(1)(B). To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In order to satisfy this standard, the petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because

-4-

Rabieh fails to demonstrate a denial of a constitutional right, we decline to grant him a COA.

As an initial matter, Rabieh raised substantially the same arguments concerning the validity of his plea agreement and the career offender enhancement in his direct appeal—arguments that we rejected in enforcing his waiver of appellate rights. *See Rabieh*, 259 F. App'x at 144–45. We decline to address these issues once again in this § 2255 challenge. *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of [this] circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.").

Moreover, to the extent Rabieh's ineffective assistance arguments *may* implicate his waiver, Rabieh fails to demonstrate that reasonable jurists could debate the validity of his waiver of collateral review of his conviction and sentence. First, a waiver of collateral attack rights under § 2255 is enforceable when "the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). To determine whether the plea and waiver were knowing and voluntary, we look at (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) whether an adequate Federal Rule of

Criminal Procedure 11 colloquy took place. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

Second, to prevail on an ineffective assistance of counsel claim, the petitioner must show his attorney's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner has the burden of proof to overcome a strong presumption that counsel provided effective assistance, *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000), and conclusory assertions are not sufficient, *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). *See also United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002) (petitioner must show—beyond mere allegations—that counsel's deficient performance "affected the outcome of the plea process and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (citation and internal quotation marks omitted)).

Rabieh fails to show any deficiency by his trial counsel, and his assertions are, at best, conclusory. Despite Rabieh's contentions otherwise, his counsel *did* object to the classification of prior convictions as crimes of violence. Additionally, the record does not disclose any misrepresentations by his counsel regarding the potential prison term or possible career offender enhancements. Instead, as the Rule 11 colloquy and plea agreement make clear, Rabieh was fully informed of the factors the district court was to consider in calculating his offense

-6-

level and resulting guideline range. Finally, Rabieh's claim that his counsel was ineffective because he did not object to the delay in the PSR's preparation and disclosure does not implicate the validity of his plea agreement and waiver. As a result, Rabieh fails to satisfy his burden to demonstrate ineffective assistance of counsel as it relates to the validity of his waiver of collateral attack.

In sum, the language of the plea agreement, the Rule 11 colloquy, and evidence relating to Rabieh's communications with his counsel leave no room for doubt that Rabieh entered into his plea agreement knowingly and voluntarily. Therefore, having thoroughly reviewed the entire record, we agree with the district court that Rabieh's § 2255 motion is properly precluded by enforcement of the plea agreement.

### III. Conclusion

For the foregoing reasons, we find Rabieh has not made a substantial showing of the denial of a constitutional right. We DENY his request for a COA and DISMISS this appeal. We further DENY Rabieh's motion to proceed *in forma pauperis*.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge