FILED
United States Court of Appeals
Tenth Circuit

June 23, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PAUL PADILLA-RODRIGUEZ,

    Defendant - Appellant.

No. 09-3025
(D.C. Nos. 5:08-CV-04056-SAC and
5:04-CR-40154-SAC-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Paul Padilla-Rodriguez seeks a certificate of appealability (COA) that
would allow him to appeal from the district court's denial of his 28 U.S.C. § 2255
motion to vacate, set aside, or correct his sentence.[1] *See* 28 U.S.C. §
2253(c)(1)(B). Affording solicitous consideration to Mr. Padilla-Rodriguez's pro

---

[*]     This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1. After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this matter. *See* Fed. R. App. P. 34(a). The
case is therefore ordered submitted without oral argument.

[1]     Because the district court did not address the issuance of a COA, its
failure to issue a COA was deemed a denial pursuant to Fed. R. App. P. 22(b)(1)
and 10th Cir. R. 22.1(C).

se filings, *see Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we conclude that Mr. Padilla-Rodriguez has failed to make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). We accordingly deny his request for a COA and dismiss his appeal.

## BACKGROUND

Mr. Padilla-Rodriguez pleaded guilty, pursuant to a plea agreement, to aggravated reentry into the United States as a previously removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court denied Mr. Padilla-Rodriguez's request to withdraw his guilty plea and his counsel's motion to withdraw. The court determined that the advisory United States Sentencing Guidelines range was seventy to eighty-seven months' imprisonment, and it imposed a seventy-month sentence. On direct appeal, this court granted the government's motion to enforce the plea agreement waiver and dismissed Mr. Padilla-Rodriguez's appeal. *See United States v. Padilla-Rodriguez*, 216 F. App'x 818 (10th Cir. 2007).

Mr. Padilla-Rodriguez then filed a § 2255 motion in the district court alleging that his trial counsel was constitutionally ineffective under *Strickland*[2] because (1) his counsel had failed to provide a translator, and thus Mr. Padilla-Rodriguez had not understood the plea agreement he signed and had not knowingly and voluntarily agreed to enter into the agreement; (2) his counsel failed to argue his motion to withdraw the guilty plea in the manner that Mr.

---

[2]    *See Strickland v. Washington*, 466 U.S. 668 (1984).

-2-

Padilla-Rodriguez had instructed; and (3) in his motion to withdraw as counsel, Mr. Padilla-Rodriguez's attorney failed to state the reasons that Mr. Padilla-Rodriguez wished him to withdraw. The government moved to enforce the plea agreement waiver of Mr. Padilla-Rodriguez's right to collaterally attack his conviction and sentence; Mr. Padilla-Rodriguez replied with a request for an evidentiary hearing.

The district court denied Mr. Padilla-Rodriguez's request for an evidentiary hearing and granted the government's motion regarding his second and third claims of ineffective assistance, as noted above. The court requested additional briefing on the first claim, noting that the ineffective assistance of counsel claim regarding the failure to provide a translator was potentially outside the scope of the plea agreement waiver. Following further submissions by the parties, the district court denied Mr. Padilla-Rodriguez relief under § 2255 on this separate ground as well and entered judgment for the government.

**STANDARD OF REVIEW**

We will issue a COA permitting Mr. Padilla-Rodriguez to appeal only if he makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To make this showing, he must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Our inquiry does not require a "full consideration of the factual or legal bases adduced in the

-3-

support of the [applicant's] claims," but rather "an overview of the claims . . . and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

## DISCUSSION

As grounds for a COA, Mr. Padilla-Rodriguez asserts that his counsel "was ineffective for misleading [him] into thinking" that either thirty-six or forty-eight months of imprisonment was "the most that he would receive," and so his counsel rendered his plea unknowing and involuntary. Application for COA at 2-3 (filed May 8, 2009); Opening Br. at 2-3 (filed May 8, 2009). While Mr. Padilla-Rodriguez does not specifically raise the translator issue again here, he argues that "with no understanding of English" he was dependent upon his counsel's advice and thus should be resentenced to only thirty-six to forty-eight months' imprisonment. Application for COA at 2. Thus, his argument in support of a COA is essentially that he did not knowingly and voluntarily enter into his plea agreement due to: first, his reliance on his counsel's false sentencing promise and second, his counsel's failure to adequately ensure he understood the plea agreement given his lack of English language skills.

Generally, a waiver of collateral attack rights under § 2255 is enforceable when "the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001); *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (explaining that we determine: (1) whether the disputed issue falls within the scope of the waiver of rights; (2)

-4-

whether the defendant knowingly and voluntarily waived his or her rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice). We narrowly construe the waiver in favor of Mr. Padilla-Rodriguez, but we also will hold him to its lawful terms. *Hahn*, 359 F.3d 1315, 1325, 1328.

By signing the plea agreement, Mr. Padilla-Rodriguez expressly and specifically waived "any right to appeal or collaterally attack any matter in connection with this . . . conviction and sentence." R., Doc. 50 Attach. 1, at 8 (Plea Agreement, dated Oct. 4, 2005). He further expressly waived "any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 . . . except as limited by *United States v. Cockerham*." R., Doc. 50 Attach. 1, at 8. Thus, Mr. Padilla-Rodriguez's right to challenge his conviction and sentence through a § 2255 motion falls within the scope of rights waived by virtue of the plea agreement.

Liberally construed, the ineffective assistance of counsel argument Mr. Padilla-Rodriguez set forth in his § 2255 motion asserts that due to his counsel's deficient performance, he did not knowingly and voluntarily enter into his plea agreement. In determining whether Mr. Padilla-Rodriguez knowingly and voluntarily waived his rights, we primarily examine two factors. First, we look at "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily." *Hahn,* 359 F.3d at 1325. Here, the plea agreement required Mr. Padilla-Rodriguez to sign and acknowledge that he "voluntarily" and "knowingly" waived his collateral attack rights. Mr. Padilla-

-5-

Rodriguez acknowledged by his signature that he had read the plea agreement and understood it, that he had discussed the plea agreement with his attorney and was fully satisfied with his attorney's advice and representation, and that he was entering into the agreement and pleading guilty "freely and voluntarily." R., Doc. 50 Attach. 1, at 8, 11-12.

Second, we examine whether an adequate Fed. R. Crim. P. 11 colloquy took place. *Hahn,* 359 F.3d at 1325. On direct appeal, Mr. Padilla-Rodriguez raised an argument nearly identical to the one raised here, as he asserted "that he did not knowingly and voluntarily waive his appellate rights because he lack[ed] understanding of the English language" and that "the court should take into consideration his body language or non-spoken gestures and his lack of formal education." *See Padilla-Rodriguez*, 216 F. App'x at 820. Mr. Padilla-Rodriguez does not dispute that the plea colloquy transpired as described in our decision on his direct appeal:

> The transcripts of defendant's Rule 11 plea colloquy demonstrate that he was given an interpreter at the start of the Rule 11 plea colloquy, and that the entire colloquy and plea hearing proceedings were translated to and for him. The defendant stated that he had a ninth-grade education. At no time did he indicate that he had any difficulty understanding the charges against him, the plea agreement, the appeal waiver, or any aspect of the plea colloquy, and he offers no evidence now that the interpreter was inadequate or insufficient. At the plea colloquy, the court summarized the plea agreement, and informed him of the constitutional rights he was waiving, including the right to appeal. Defendant represented to the court that he had reviewed the written plea agreement, which he signed, with his attorney, that he was entering into the plea agreement of his own free will, that he had a full opportunity to discuss with his attorney the constitutional rights he was

> waiving, including his right to appeal, and that he was satisfied
> with his attorney's representation. [S]tatements made in a plea
> colloquy are presumed to be true.

*Id.* (alteration in original) (internal quotation marks omitted).

Thus, on direct appeal this court examined both the language of the plea agreement and the plea colloquy proceedings and found that "defendant's appeal waiver was knowingly and voluntarily given." *Id.* We believe that consideration of these same elements likewise demonstrates that Mr. Padilla-Rodriguez knowingly and voluntarily entered the plea agreement and waived his right to collaterally attack his sentence—as the waiver is contained in the same document and was discussed at the same colloquy as those previously examined on direct appeal. *See id.*; *Cockerham,* 237 F.3d at 1188-89; R., Doc. 50 Attach. 1, at 8-9.

We note that even a knowing and voluntary waiver of a right that falls within the scope of the plea agreement waiver is subject to certain exceptions, the existence of which would render enforcement of the waiver a "miscarriage of justice." These exceptions are found:

> [1] where the district court relied on an impermissible factor
> such as race, [2] where ineffective assistance of counsel in
> connection with the negotiation of the waiver renders the
> waiver invalid, [3] where the sentence exceeds the statutory
> maximum, or [4] where the waiver is otherwise unlawful.

*Hahn*, 359 F.3d at 1327 (internal quotation marks omitted). A waiver is "otherwise unlawful" if subject to an error that "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

The district court had ordered additional briefing on Mr. Padilla-

Rodriguez's translator argument because it determined that this claim appeared to be subject to the second exception to enforcement listed above, which it termed "the *Cockerham* exception." *See Cockerham*, 237 F.3d at 1187 ("[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."). Having reviewed the COA application and brief and the entire record before us, we agree with the district court that Mr. Padilla-Rodriguez has not set forth facts that arguably would demonstrate that the claimed ineffectiveness of his counsel rendered the waiver invalid. Even assuming *arguendo* that Mr. Padilla-Rodriguez's ineffective assistance of counsel argument could equate to a claim challenging the validity of the plea or the waiver within the meaning of *Cockerham*, it is nonetheless without merit, and a COA is not warranted on this argument.

Insofar as Mr. Padilla-Rodriguez is arguing that his attorney misled him into thinking that he would receive a shorter sentence, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Moreover, the district court properly advised Mr. Padilla-Rodriguez regarding the maximum sentence he could receive. At the plea colloquy, Mr. Padilla-Rodriguez—accompanied by an interpreter—told the court that he understood the terms of the plea agreement and that no one had "made any other or different promises to [him] in regard to [his] plea of guilty other than set forth in the plea

-8-

agreement." R., Doc. 89, Tr. at 7-8 (Change of Plea Hr'g, dated Oct. 4, 2005). And, finally, Mr. Padilla-Rodriguez answered "no" when asked whether anyone had "predicted or promised with certainty" what his sentence would be. R., Doc. 89, Tr. at 16-17. "[S]tanding alone, an attorney's erroneous sentence estimate does not render a plea involuntary"; Mr. Padilla-Rodriguez thus cannot show ineffective assistance on this ground. *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005).

To the extent Mr. Padilla-Rodriguez's ineffective assistance of counsel argument relies on his lack of understanding of English and its effect on his entering into the plea agreement, again we note that the panel on direct appeal rejected his argument that his lack of English skills rendered his waiver of his appellate rights involuntary or unknowing. *See Padilla-Rodriguez*, 216 F. App'x at 820. Mr. Padilla-Rodriguez offers no reason that the same finding would not apply to the waiver of his collateral attack rights contained in the same plea agreement. Mr. Padilla-Rodriguez's COA application simply states that because he had "no understanding of English," he "depend[ed] on his defense counsel to guide him through the plea deal." COA Application at 2. "Instead," according to Mr. Padilla-Rodriguez, "counsel used [his] lack of understanding against [him] by misleading him into accepting a plea that [he] thought was 36 to 48 months." Opening Br. at 3. Mr. Padilla-Rodriguez offers no specific argument as to what he did not understand about the plea process or the plea agreement, beyond his contention that his reliance upon his counsel's advice rendered his plea unknowing and involuntary.

It is undisputed that regardless of whether Mr. Padilla-Rodriguez had an interpreter during "the plea deal," an interpreter was provided at the plea colloquy—during which the significant terms of the plea agreement were stated aloud by the district court and acknowledged by Mr. Padilla-Rodriguez. At that colloquy, Mr. Padilla-Rodriguez stated that he was satisfied with the services of his attorney, understood the terms of his plea agreement, and that no one had predicted or promised with certainty what his sentence would be. Further, Mr. Padilla-Rodriguez's counsel submitted a sworn affidavit to the district court stating that: he is a native Spanish speaker and holds a degree in Spanish; during numerous meetings with his client, they always spoke in Spanish; and he had read and explained the plea agreement in Spanish to Mr. Padilla-Rodriguez. The record therefore demonstrates that counsel's conduct in connection with the negotiation of the plea agreement waiver did not render the waiver invalid.

Finally, we discern no other basis to find a miscarriage of justice in enforcing the waiver. There is nothing in the record to suggest that Mr. Padilla-Rodriguez's claims are subject to any other exception to enforcement: the district court did not rely on an impermissible factor such as race, the sentence does not exceed the statutory maximum, and the waiver is not otherwise unlawful. *See Hahn*, 359 F.3d at 1327. Thus, enforcement of the plea agreement waiver to bar Mr. Padilla-Rodriguez's § 2255 motion will not result in a miscarriage of justice.

## CONCLUSION

For the foregoing reasons, no reasonable jurist could debate the propriety of the district court's ruling. Mr. Padilla-Rodriguez's request for a certificate of

-10-

appealability is **DENIED**, and this appeal is **DISMISSED**. His motion to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge