FILED
United States Court of Appeals
Tenth Circuit

June 29, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DUANE RABIEH,

Defendant - Appellant.

No. 09-6294

(W.D. Oklahoma)

(D.C. No. 5:07-CR-00058-C-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, the case is ordered submitted without oral argument.

Proceeding *pro se*, Michael Duane Rabieh appeals the district court's denial of the Motion for Modification of Sentence he brought pursuant to 18 U.S.C. § 3582(c)(2). In 2007, Rabieh pleaded guilty to distributing methamphetamine, in

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 21 U.S.C. § 841(b)(1)(C).  *United States v. Rabieh*, 259 F. App'x 143, 143 (10th Cir. 2007).  Despite a provision in the plea agreement waiving the right to appeal or collaterally attack his conviction and sentence, Rabieh filed a direct appeal.  *Id.*  This court granted the Government's motion to dismiss the appeal, concluding Rabieh knowingly and voluntarily entered into the plea agreement.  *Id*. at 145.  When the district court thereafter enforced the waiver and denied Rabieh's 28 U.S.C. § 2255 motion, this court denied his request for a certificate of appealability.  *United States v. Rabieh*, 327 F. App'x 71, 74 (10th Cir. 2009).

Rabieh then filed the § 3582(c)(2) motion that is the subject of this appeal. In his motion, Rabieh argued his sentence should be modified based on changes made to the United States Sentencing Guidelines by Amendments 493, 506, and 709.  *See United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003) ("Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'").  The district court concluded it did not have authority under § 3582(c)(2) to grant Rabieh the relief he sought.  The court reasoned that Amendments 493 and 506 became effective before Rabieh was sentenced, thus neither *subsequently* lower his sentencing range.  Further, Amendment 709 could not be considered as a basis for a sentence reduction

-2-

because it is not retroactive. Accordingly, the district court concluded it had no power under § 3582(c)(2) to modify Rabieh's sentence. The district court also rejected Rabieh's *Booker* claims, noting he was sentenced after *Booker* was decided and further concluding the claims raised are not cognizable in a § 3582(c)(2) motion. *See Dillon v. United States,* No. 09-6338, 2010 WL 2400109, at *8-*9 (U.S. June 17, 2010); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008) ("*Booker* does not provide a basis for a sentence reduction under § 3582(c)(2)." (quotation and alteration omitted)). In the alternative, the court concluded the claims Rabieh sought to raise in the § 3582(c)(2) motion fell within the scope of the waiver in his plea agreement which he entered into knowingly and voluntarily. *See United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc).

Rabieh filed the instant appeal, challenging the district court's denial of his § 3582(c)(2) motion. Having reviewed the record, the appellate briefs, and the applicable law, we conclude the denial of Rabieh's § 3582(c)(2) motion was clearly correct. Accordingly, the district court's order denying Rabieh motion is **affirmed** for substantially the reasons stated in the district court's order dated December 11, 2009.

Rabieh's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge