**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

BRANDON ROYCE TAYLOR, a/k/a
Bran Bran, a/k/a Larry Thomas,

     Defendant - Appellant.

No. 15-5126
(D.C. Nos. 4:13-CR-00003-CVE-1 and
4:14-CV-00176-CVE-PJC)
(N.D. Okla.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

Brandon Taylor seeks a certificate of appealability (COA) to contest the

district court's order dismissing his 28 U.S.C. § 2255 motion for collateral relief

from his conviction and sentence. To win a COA, Mr. Taylor must make "a

substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). And to make this showing, he must establish "that reasonable

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Even reviewing Mr. Taylor's application with the liberality due pro se applicants, we cannot say it satisfies that standard. In his § 2255 motion before the district court Mr. Taylor primarily sought to challenge adverse suppression rulings and counsel's conduct in connection with them. But Mr. Taylor entered a plea agreement in which he expressly waived his right to collaterally attack his conviction or sentence, except for claims based on ineffective assistance of counsel that challenge the validity of the guilty plea or the waiver itself. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). Accordingly and as the district court noted, it appears that "all of [the] claims" he sought to pursue fell "within the scope" of his waiver. D. Ct. Op. at 10. To be sure, Mr. Taylor now wishes to pursue some new and additional arguments (like his claim that counsel neglected to share certain discovery with him before his guilty plea), but these arguments were not advanced before the district court and so are waived for that additional reason. *See Jones v. Gibson*, 206 F.3d 946, 958 (10th Cir. 2000). Like the district court, we acknowledge too that Mr. Taylor's application might also be generously construed as suggesting that he didn't fully understand the rights he waived when entering his plea agreement with the government. But

the argument here is at best conclusory and the record reveals he was amply advised in advance about the rights he forfeited. In these circumstances, we do not see reason to debate the district court's conclusion that he was "fully advised" and so cannot say the standard for a COA is satisfied. D. Ct. Op. at 11; *see also, e.g.*, *United States v. Padilla-Rodriguez*, 335 F. App'x 724, 727 (10th Cir. 2009); *United States v. Rabieh*, 327 F. App'x 71, 74 (10th Cir. 2009).

The request for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge