**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE W. APARICIO,

      Defendant-Appellant.

No. 06-4139
(D.C. Nos. 1:05-CV-147-TC and
1:03-CR-62-TC)
(D. Utah)

---

**ORDER**

---

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

      Defendant-Appellant Jose Aparicio, proceeding *pro se*, seeks leave to appeal the denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mr. Aparicio pled guilty to a violation of 21 U.S.C. § 841(b)(1)(A), namely, possession with intent to distribute 107 grams of methamphetamine, and acceded to a plea agreement pursuant to which he waived his rights of both direct appeal and collateral attack. He took no direct appeal, but Mr. Aparicio now seeks to set aside his plea agreement and proceed to trial, arguing his counsel was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1986), and attacking the length of his sentence on other constitutional grounds. Because Mr. Aparicio has not shown that his

counsel's performance was so deficient as to taint the voluntariness of the plea or the waiver agreement, the district court denied his motion. We concur in the result, though on slightly different reasoning.

Prior to appealing the denial of a motion to vacate, set aside, or correct sentence sought under 28 U.S.C. § 2255, federal law requires the defendant first to obtain a certificate of appealability ("COA"). Id. § 2253(c)(1). This requirement is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); see United States v. Harms, 371 F.3d 1208, 1210 (10th Cir. 2004) (noting applicability of the Miller-El rule to § 2255 motions). The district court denied Mr. Aparicio's request for COA below, which he has renewed in this court.

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). When determining whether COA should issue, we do not make a definitive inquiry under standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996, because the COA review is distinct from the merits review of the petition. Miller-El, 537 U.S. at 342. Our only question here "is the debatability of the underlying constitutional claim, not the resolution of that debate." Id.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). However, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." Id. at 1187. Mr. Aparicio's § 2255 motion asserts three claims: that his counsel (1) "deceived [him] into pleading guilty with defective advice and under a false premise of the situation," (2) "failed to investigate potential mitigating facts for sentencing purposes and also failed to appraise him [of] all relevant information to [sic] his plea agreement, indictment, [and] charges," and (3) "relieved the government [of] its burden of proof by failing to object . . . to the amount of drugs, the type and purity level." The third and first half of the second points challenge Mr. Aparicio's sentencing, and he knowingly and voluntarily waived his right to make these challenges in his plea agreement. See Cockerham, 237 F.3d at 1184 ("[C]laims of ineffective representation concerning sentencing generally do not survive the § 2255 waiver."); id. at 1188 (finding challenges to counsel's action in relieving the government of its burden under United States v. Glover, 97 F.3d 1345 (10th Cir. 1996), address sentencing and are thus waiveable). The first and latter half of the second points, on the other hand, plainly challenge Mr. Aparicio's representation

- 3 -

at the plea agreement stage as ineffective and thus could not be waived under Cockerham.

Nonetheless, it is plain from the record before us that Mr. Aparicio fully understood the consequences of the plea agreement and entered into it knowingly and voluntarily. As the district court noted in its ruling denying Mr. Aparicio's § 2255 motion, he signed a statement certifying, under penalty of perjury, that he knowingly and voluntarily waived his right to appeal directly or via collateral attack, specifically through a § 2255 motion, and that he had fully discussed the consequences of his plea with his counsel. In addition, the district court, at the plea colloquy, questioned Mr. Aparicio extensively under oath about whether he was entering the agreement voluntarily and whether he understood the ramifications of his plea and the agreed-upon waiver conditions. As the district court correctly noted, "Mr. Aparicio's answers left no doubt . . . that Mr. Aparicio fully understood what he was doing and that his attorney had thoroughly, and effectively, counseled him with regard to the consequences of his plea and his plea agreement." Under such circumstances, we can find no grounds to suggest that Mr. Aparicio has raised even a colorable argument that his plea was tainted by constitutionally ineffective assistance of counsel. Because Mr. Aparicio has effectively waived his right to attack his conviction collaterally under 28 U.S.C. § 2255 as to all other matters, we need not consider whether his other arguments merit issuance of COA.

Even construing liberally Mr. Aparicio's opening brief and application for COA, he raises no debatable argument that his waiver of the right to collateral attack was involuntary and so constituted ineffective assistance of counsel. Pursuant to the terms of his plea agreement, he has waived the right to pursue all other claims under § 2255. Thus, because Mr. Aparicio has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his application for a certificate of appealability and DISMISS his appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge