**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JUSTIN B. GERBER,

      Defendant-Appellant.

No. 06-4269
(D.C. No. 2:06-CV-709-DAK)
(D. of Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Justin B. Gerber, a federal inmate proceeding *pro se*, seeks a certificate of

appealability ("COA") to challenge the denial of his habeas corpus petition under

28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Our jurisdiction arises under

28 U.S.C. §§ 1291 and 2253.

---

[*]      After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Construing his *pro se* filings liberally,[1] we conclude that Mr. Gerber failed to make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Accordingly, we deny Mr. Gerber's application for a COA and dismiss the appeal.

## I. BACKGROUND

Pursuant to a plea agreement, Mr. Gerber pleaded guilty to distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Under the terms of the plea agreement, Mr. Gerber waived his right to appeal and to collaterally attack his sentence. As to the latter, Mr. Gerber specifically agreed to "knowingly, voluntarily and expressly waive [his] right to challenge [the] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255." *See* Statement by Defendant in Advance of Plea of Guilty at 4 (Nov. 29, 2004) (attached as Ex. B to Pet. Mem. of P. & A. in Supp. of Mot. to Vacate, Set Aside or Correct Sentence) [hereinafter Statement by Defendant]. After accepting Mr. Gerber's plea agreement, the district court sentenced him to 84 months' imprisonment, followed by a term of 48 months' supervised release.

---

[1] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U. S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

Despite the plea agreement's waiver language, Mr. Gerber filed a notice of appeal. He argued that "the district court erred in calculating his criminal history category, and that the sentence imposed [wa]s unreasonable because the trial judge applied the sentencing guidelines to the exclusion of other factors which should have been considered pursuant to 18 U.S.C. § 3553." *United States v. Gerber*, Case No. 05-4080, at 2 (10th Cir. Jan. 3, 2006).

The government filed a motion to enforce the plea agreement's appeal waiver. In response, Mr. Gerber argued that "his appeal [wa]s not within the scope of the waiver and that to enforce the waiver would result in a miscarriage of justice." *Id.* We concluded that Mr. Gerber's arguments lacked merit. Accordingly, we granted the government's motion and dismissed Mr. Gerber's appeal.

Mr. Gerber next sought to collaterally attack his sentence under 28 U.S.C. § 2255, claiming that his attorney's conduct in relation to the sentencing proceeding was constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). Put succinctly, Mr. Gerber predicated his *Strickland* argument on his attorney's failure to argue for a downward adjustment to his Guidelines offense level for his role in the offense, pursuant to U.S. Sentencing Guidelines § 3B1.2, after his attorney allegedly promised Mr. Gerber that he would make this argument. Mr. Gerber described this circumstance as his attorney's failure to

present his "alternate defense." *See*, *e.g.*, Pet. Mem. of P. & A. in Supp. of Mot. to Vacate, Set Aside or Correct Sentence at 2-3 (dated Aug. 18, 2006) [hereinafter Mem. of P. & A. Mot. to Vacate].

Mr. Gerber acknowledged the collateral-attack waiver provision of his plea agreement. Citing our decision in *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001), however, Mr. Gerber contended that he was not bound by the waiver "because he entered into the Plea Agreement upon believing that [his attorney] would file a pre-sentencing motion for a mitigating role adjustment . . . and because of believing that his former attorney would present this crucial alternate defense [at the sentencing proceeding]." Mem. of P. & A. Mot. to Vacate at 3-4.

The district court concluded that the collateral-attack waiver provision of Mr. Gerber's plea agreement was "valid and enforceable" and barred his sentencing challenge. R., Vol. I, Doc. 3, at 3 (Dist. Ct. Order, dated Oct. 13, 2006) [hereinafter Dist. Ct. Order]. It noted that Mr. Gerber "d[id] not argue that entering into his plea was unknowing or involuntary." *Id.* at 2. Further, electing to reach the merits, the court found that the conduct of Mr. Gerber's attorney was not constitutionally deficient – he acted "within the wide latitude this court must give counsel to make tactical decisions for their clients" under *Strickland*. *Id.* at 3. Mr. Gerber timely sought a COA from this court.

## II.  DISCUSSION

Federal law requires a defendant to first obtain a COA before appealing the denial of a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2253(c)(1).  This mandate is jurisdictional.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (noting COA review is distinct from a merits review of petition).  In order to obtain a COA, Mr. Gerber must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

Where the district court denies a habeas petition on procedural grounds, as well as on the merits of the underlying constitutional claim, a petitioner must show that reasonable jurists would find debatable *both* (1) whether the petition states a valid claim of the denial of a constitutional right, *and* (2) whether the district court was correct in its procedural ruling.  *Cf. Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (where district court reached only the procedural issue, holding that petitioner must establish that the court's rulings on both that issue and the merits are reasonably debatable).  The Supreme Court has instructed courts to resolve the procedural issue first.  *Id.* at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)).

In seeking a COA, Mr. Gerber asserts a violation of the Sixth Amendment based on a claim of ineffective assistance of counsel.  In particular, Mr. Gerber's

application outlines two reasons for granting a COA: (1) his attorney's alleged "failure to seek a reduction" in Mr. Gerber's sentence under U.S. Sentencing Guidelines § 3B1.2 based upon his "minor participation in the offense"; and (2) his attorney's alleged "failure to conduct a reasonable investigation into the facts and circumstances relevant to the minor participation issue." *See* Application for COA at 2 (dated Feb. 2, 2007).

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). There is, however, an exception to this rule – where the § 2255 petition is "based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.* at 1187.

The district court reasoned that the collateral-attack waiver provision of Mr. Gerber's plea agreement barred his action, because the waiver provision was clearly set out in the plea agreement and Mr. Gerber did not allege that his plea was unknowing or involuntary. In particular, regarding the plea agreement, the district court noted that Mr. Gerber "acknowledged that he understood its contents." Dist. Ct. Order at 3. The *Cockerham* exception did not apply, reasoned the district court, because Mr. Gerber's "sole basis for challenging his

-6-

sentence" related to his attorney's sentencing-related conduct involving "the omission of []his alternate defense." *Id.* at 2 (internal quotation marks omitted). In other words, in the district court's view, the *Cockerham* exception was not implicated because Mr. Gerber's allegations of ineffective assistance did not involve his attorney's conduct in the negotiation of the plea agreement or its collateral-attack waiver.

We conclude that Mr. Gerber has failed to show that the district court's determination that the collateral-attack waiver bars his action is reasonably debatable. We do not need reach the merits of Mr. Gerber's constitutional claims, and we decline to do so.

The two grounds on which Mr. Gerber seeks COA – relating to his attorney's allegedly deficient conduct in connection with his sentencing proceeding – fall squarely within the broad scope of Mr. Gerber's collateral-attack waiver. They challenge the propriety of Mr. Gerber's sentence and, at least conceivably, the manner in which his sentence was determined. And, because these claims do not specifically question the representation of Mr. Gerber's counsel concerning the negotiation of, or Mr. Gerber's entry into, the plea agreement or collateral-attack waiver, they do not directly implicate the *Cockerham* exception. As to these two grounds, this exception is inapposite.

However, construing Mr. Gerber's *pro se* pleadings liberally, our analysis cannot end there. Although Mr. Gerber expressly sought COA on only the two grounds noted above, Mr. Gerber does appear to argue with reference to *Cockerham* that his guilty plea was not knowingly and voluntarily entered because of his counsel's ineffective advice during the plea process. Specifically, one may reasonably construe Mr. Gerber's pleadings as asserting that Mr. Gerber was induced to enter into the plea agreement – and, more specifically, to sign off on the collateral-attack waiver – by his attorney's ultimately-hollow promise that he would seek a downward adjustment to Mr Gerber's sentencing offense level based upon his role in the offense. *See*, *e.g.*, Mem. of P. & A. Mot. to Vacate at 2-3.

Furthermore, contrary to the district court, we conclude that Mr. Gerber did raise this challenge to the knowing and voluntary nature of his plea in his § 2255 motion. On appeal, in his tendered Opening Brief, Mr. Gerber leaves no doubt that he disputes the knowing and voluntary nature of his guilty plea:

> Petitioner submits his plea was only made knowing and voluntary upon the advice of counsel in that he would make a mitigating role adjustment argument for minor participant at sentencing. Failure to meet this obligation rendered the plea waiver unknowing and involuntary, for the simple fact that this pivotal concession is the only reason defendant agreed to enter into such a waiver.

Aplt. Opening Br. at 9.

-8-

In our treatment of *pro se* habeas pleadings seeking COA, where a collateral-attack waiver is in place, it seems that a petitioner's failure to expressly identify counsel's plea-related ineffectiveness as a proposed COA ground has not been treated as a fatal misstep under *Cockerham*, so as long as petitioner's pleadings otherwise raised that ineffectiveness claim. *Cf. United States v. Clingman*, 288 F.3d 1183, 1185-86 (10th Cir. 2002) (where petitioner expressly complained in his § 2255 motion that counsel "failed to move to dismiss the indictment on speedy trial grounds" and "failed to investigate" a "viable defense" related to defendant's work as a confidential informant, court concluded from review of the pleadings that the gravamen of petitioner's objection was that "he received inadequate advice from his trial counsel regarding speedy trial rights and the alleged confidential informant defense" and, thus, the collateral-attack waiver did not bar his claim).

In any event, we need not definitively speak to the import of Mr. Gerber's failure to expressly identify as a COA ground his counsel's alleged plea-related ineffectiveness. Because, even if that ineffectiveness claim were properly eligible for COA consideration, we would conclude that a COA grant is not warranted.

We have held that when defense counsel provides erroneous sentencing information to a client, that conduct, standing alone, does not render a plea involuntary. *See Wellnitz v. Page*, 420 F.2d 935, 936-37 (10th Cir. 1970) (per

curiam).[2]  In particular, we have turned aside defendants' challenges to the knowing and voluntary nature of their pleas or plea waivers, where the challenges are predicated on their defense counsel's purported pre-plea sentencing promises, when their plea paperwork and colloquies clearly belied their challenges.  *See United States v. Bridges*, 68 F.App'x 896, 900 (10th Cir. 2003); *United States v. Cortez*, 31 F.App'x 611, 617-18 (10th Cir. 2002); *see also United States v. Aparicio*, 214 F. App'x 866, 868 (10th Cir. 2007).

We discern nothing to suggest that Mr. Gerber's claim should lead to a different result.[3]  Mr. Gerber's plea agreement and the change-of-plea colloquy

---

[2]    To be sure, "if an attorney recklessly promises his client that a specific sentence will follow upon a guilty plea, or otherwise unfairly holds out an assurance of leniency in exchange for a confession of guilt, the question may arise . . . whether such representation may be deemed constitutionally ineffective."  *Wellnitz*, 420 F.2d at 936.  Mr. Gerber's ineffective-representation allegations, however, do not suggest that his counsel acted recklessly or in an unfair manner.

[3]    Indeed, the reasoning of *Bridges* and *Cortez* would appear to apply with even greater force here, because in those cases defense counsel allegedly promised sentencing outcomes – that is, guaranteed that the sentencing court would render a specific desired sentence.  *Bridges*, 68 F. App'x at 900 (where defendant alleged "his attorney promised him . . . he would receive no more than a 60 month sentence"); *Cortez*, 31 F. App'x at 619 (where the "key issue raised by" the defendant was "whether Ms. Greek [defendant's attorney] promised Mr. Cortez a three-year sentence to induce his assent to the waiver").  Such promises certainly would seem to be more likely to persuade a defendant to plead guilty than what Mr. Gerber contends was at work here: a promise from defense counsel to *seek* court action regarding a sentencing variable, with *no guarantee* that in fact the court would take the desired action.  Nonetheless, after reviewing the plea paperwork and the colloquy, the *Bridges* and *Cortez* panels of our court rejected defendants knowing-and-voluntary challenges.  The same result should obtain

(continued...)

leave no room for doubt that Mr. Gerber entered into his plea agreement knowingly and voluntarily. Statement by Defendant at 4-7; Tr. of Change of Plea Hearing at 6-11, 14.[4] More specifically, at the change-of-plea hearing, the district court engaged in a clear discussion with Mr. Gerber concerning his waiver of appellate and collateral-attack rights. Tr. of Change of Plea Hearing at 8 (Mr. Gerber responding affirmatively when asked by the court: "[Y]ou are waiving your right to appeal or either *directly or indirectly* attack your sentence. Do you understand that?"(emphasis added)).

Indeed, both in his plea agreement and before the district court, Mr. Gerber represented that no promises had been made to him (other than those found in the agreement) to induce him to plead guilty. *Id.* at 14 (Mr. Gerber responding, "No, sir," when asked by the court: "Has anyone made any promises to you in connection with your guilty plea other than those we have talked about here today?"); Statement by Defendant at 7 (Mr. Gerber stating, "No threats or promises of any sort have been made to me to induce me or to persuade me to

---

[3](...continued)
here.

[4]   The government attached the transcript of Mr. Gerber's change of plea proceeding to its motion to enforce, which was filed in relation to Mr. Gerber's prior appeal, Case No. 05-4080. We have exercised our discretion and taken judicial notice of this transcript. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court . . . concerning matters that bear directly upon the disposition of the case at hand."), *cert. denied*, 128 S. Ct. 424 (2007).

enter this plea."). Therefore, even if it could be said that Mr. Gerber was enticed to plead guilty by his attorney's allegedly hollow assurances that he would argue for a reduction in his offense level, we are satisfied that Mr. Gerber knowingly and voluntarily entered his guilty plea.

Thus, having concluded that Mr. Gerber's plea was knowing and voluntary, and that the two issues he seeks to raise are within the scope of his collateral-attack waiver, we hold that Mr. Gerber is barred by his plea agreement from raising a Sixth Amendment challenge to his counsel's effectiveness.

## III. **CONCLUSION**

For the foregoing reasons, we **DENY** Mr. Gerber's COA application and **DISMISS** his appeal.

Entered for the Court

Jerome A. Holmes
Circuit Judge