FILED
United States Court of Appeals
Tenth Circuit

March 4, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT LESTER HAMMONS,

      Petitioner - Appellant,

v.

JERRY PASKIEWICZ,

      Respondent - Appellee.

No. 09-2284

(D. New Mexico)

(D.C. No. 08-CV-00716-MV-WDS)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner and appellant, Robert Lester Hammons, seeks a certificate of appealability ("COA"), to enable him to appeal the district court's order

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissing Mr. Hammons' 28 U.S.C. § 2254 petition for a writ of habeas corpus. For the following reasons, we deny Mr. Hammons a COA and dismiss this matter.

## BACKGROUND

On October 9, 2001, Mr. Hammons pled no contest in New Mexico state court to two counts of felony false imprisonment, one count of felony aggravated assault, and one count of misdemeanor aggravated battery against a family member. He was sentenced to probation, but his probation was later revoked and he spent the remainder of his state sentence in state custody. Mr. Hammons did not file a direct appeal of his state conviction or sentence. His sentence terminated on August 21, 2005.

In June of 2007, Mr. Hammons was charged in federal court with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as well as possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Pursuant to the Armed Career Criminal Act ("ACCA"), Mr. Hammons is subject to a mandatory fifteen-year sentence, because of his underlying convictions for false imprisonment and aggravated assault.

On April 17, 2008, Mr. Hammons filed a *pro se* petition for a writ of habeas corpus, in which he claimed that his guilty plea in his state court proceeding had been involuntary, due to ineffective assistance of counsel. His

petition was summarily denied. Mr. Hammons filed a petition for a writ of certiorari with the New Mexico Supreme Court, which was denied in June 2008. He filed the instant petition on July 31, 2008. In this most recent petition, Mr. Hammons argued that he was innocent of the charges to which he pled guilty in state court, and that his involuntary plea was the result of ineffective assistance of his trial counsel. He further requested an evidentiary hearing so he could establish the facts underlying his claims.

The district court referred the matter to a Magistrate Judge, who recommended dismissal for lack of jurisdiction because Mr. Hammons was not "in custody" for the state convictions which were the subject of the federal habeas petition, and because the petition was time-barred because it was filed well over one year after Mr. Hammons' state court conviction became final. The district court entered an order adopting the magistrate judge's report, concluding that Mr. Hammons' habeas petition was subject to dismissal for lack of jurisdiction and because it was time-barred. This application for a COA followed.

## DISCUSSION

Seeking a COA, Mr. Hammons argues: (1) the district court erroneously adopted a *per se* rule rejecting any claim that a guilty plea was involuntary so long as the petitioner stated he was pleading guilty voluntarily in the plea colloquy; (2) Mr. Hammons' petition falls within two recognized exceptions to

the "in custody" requirement, in that (a) he was essentially denied the assistance of counsel at all; and (b) "there was no effective channel of review of Mr. Hammons' convictions"; and (3) his petition is not time-barred because the one-year limitation of the Antiterrorism and Effective Death Penalty Act ("AEDPA") "should be considered to run in this case from the date Mr. Hammons learned of the serious federal consequence of his state convictions." Appellant's Op. Br. at 8. We reject all of these arguments, deny Mr. Hammons a COA, and dismiss this matter.

In order to obtain a COA, Mr. Hammons must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In instances where the district court has rejected the constitutional claims on the merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court dismisses the petition on procedural grounds, the applicant must not only make a substantial showing of the denial of a constitutional right; he must also demonstrate the district court's "dismissal on procedural grounds was debatable or incorrect." Id. at 485.

Mr. Hammons has failed to show the denial of a constitutional right, nor has he shown that the district court erred in its procedural ruling, let alone that reasonable jurists would debate the correctness of its rulings.

**I. Plea Colloquy**:

Mr. Hammons argues that, in rejecting his claim that he was effectively denied the benefit of counsel, "the district court relied on his plea hearing responses," and erroneously created "a *per se* rule . . . that Mr. Hammons' plea colloquy responses foreclose relief for deprivation of his right to effective assistance of counsel." Appellant's Op. Br. at 13. The district court did not create any such *per se* rule. We find no error in the district court's observation that "[n]umerous courts have denied relief under §§ 2254 and 2255 to petitioners alleging that their guilty pleas were the product of ineffective assistance, where the plea colloquies have demonstrated otherwise." Order at 4, R. Vol. I at 273 (citing Fields v. Gibson, 277 F.3d 1203, 1214 (10th Cir. 2002)). Indeed, in Fields we emphasized the importance of plea colloquies: "This colloquy between a judge and a defendant before accepting a guilty plea is not pro forma and without legal significance. Rather, it is an important safeguard that protects defendants from incompetent counsel or misunderstandings." Fields, 277 F.3d at 1214. Our review of the record in this case, including the transcript of the plea colloquy, convinces us that Mr. Hammons' guilty plea was freely given, and not the product of coercion by anyone.

**II. "Exceptions" to In Custody Requirement:**

Mr. Hammons summarizes his argument concerning his claim that his case falls within either of two "rare" exceptions to the jurisdictional requirement that a

habeas petitioner must be "in custody" to pursue his habeas claim as follows: "this is the 'rare' case . . . that warrants consideration of Mr. Hammons' constitutional claims in light of, first, his entry of an involuntary plea because he lacked the benefit of counsel to advocate on his behalf and, second, the state's effective refusal to review Mr. Hammons' Sixth Amendment claims." Appellant's Op. Br. at 10. We have already explained that we do not find that Mr. Hammons' guilty plea was involuntary, nor do we perceive that Mr. Hammons' attorney was ineffective in any way. Similarly, our review of the record and arguments in this case demonstrates that the state did not refuse to review Mr. Hammons' Sixth Amendment rights. Reasonable jurists would not find the district court's assessment of the constitutional claims either debatable or wrong.

## III. One-Year Statute of Limitation:

Finally, Mr. Hammons argues that he should be able to file his habeas petition long after the one-year statute of limitations has run, because he "was not alerted to the potential federal consequences of his state court plea at the time he entered it." Appellant's Op. Br. at 19. The Supreme Court in Daniels v. United States, 532 U.S. 374 (2001), cautioned about the dangers of ignoring such statutes of limitations:

> Were we to allow defendants sentenced under the ACCA to collaterally attack prior convictions through a [habeas] motion, we would effectively permit challenges far too stale to be brought in their own right, and sanction an end run around statutes of limitation and other procedural barriers that would preclude the movant from

attacking the prior conviction directly.  Nothing in the Constitution or our precedent requires such a result.

Id. at 383.  We accordingly agree with the district court that Mr. Hammons' petition is properly dismissed.

## CONCLUSION

For the foregoing reasons, we DENY Mr. Hammons a COA and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge