FILED
United States Court of Appeals
Tenth Circuit

March 25, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JIMMY J. HOLT,

      Petitioner-Appellant,

v.

ERASMO BRACO, Warden, GARY K. KING, Attorney General for the State of New Mexico

      Respondents-Appellees.

No. 10-2201
(D.C. No. 09-CV-00834)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **EBEL** and **LUCERO**, Circuit Judges.

Jimmy J. Holt, a pro se New Mexico state prisoner convicted of one count of cocaine trafficking, seeks a certificate of appealability (COA) so that he may challenge the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we conclude that Holt has failed to make a substantial showing of the denial of a constitutional right. Accordingly, we deny his request for a COA and dismiss this appeal.

# I. BACKGROUND

On October 13, 2006, Holt entered a guilty plea pursuant to a plea agreement in New Mexico state court. Holt pled guilty to one count of cocaine trafficking, a second-degree felony, and in exchange the state dismissed three other counts against him. On March 21, 2007, the state court sentenced Holt to a term of nine years, with five years suspended. The court also gave Holt credit for time served in the amount of eight hundred and two days, and the remainder of his sentence was suspended. Holt was placed on probation for five years, three of which were to be supervised and two unsupervised. Finally, Holt was to abide by standard probation conditions, which included participating in the STEPS program.

While on probation, Holt signed an Order of Probation in which he agreed, inter alia, "to not associate with any person identified by [his] Probation/Parole Officer as being detrimental to [his] Probation supervision, which may include persons having a criminal record, other probationers and parolees, and victims or witnesses of [his] crime or crimes." (Report and Recommendation at 3.) On May 19, 2008, Holt was arrested on new charges of trafficking crack cocaine and conspiracy. A motion was filed to revoke Holt's probation, and the court held a hearing on September 16, 2008. During the hearing, the court received testimony from Holt's probation officer concerning Holt's association with a felon on probation, Sandra Miller. The court also reviewed a letter sent from one of Holt's friends to Miller, in which the friend asked Miller, "Why didn't you tell him you were on probation?" In that letter, Miller replied, "I don't tell anybody

I'm on probation." Finally, the court reviewed a police report concerning an exchange of crack cocaine between Holt and Miller, which led to the new charges. Based on that, the court revoked Holt's probation for associating with a felon on probation and sentenced him to serve the remainder of his term.

Holt filed two state habeas corpus petitions, which were both denied. Then, on August 28, 2009, proceeding pro se, Holt petitioned the federal district court for habeas relief. Holt raised four grounds for relief: (1) the ineffective assistance of counsel caused him to enter into an involuntary plea; (2) the state court denied him confrontation at the probation revocation hearing; (3) the judge illegally participated in the plea discussions; and (4) the time limits of New Mexico Rule of Criminal Procedure 5-805 were violated. A magistrate judge recommended denying the petition, and the district court adopted that recommendation. Holt now seeks a COA from this Court.

## II. DISCUSSION

### A.

Unless an applicant obtains a COA, we lack jurisdiction to consider the merits of a habeas appeal. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claim on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

3

Because Holt's federal habeas petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), it is also governed by those provisions. Wallace v. Ward, 191 F.3d 1235, 1240 (10th Cir. 1999), modified on other grounds, McGregor v. Gibson, 248 F.3d 946 (10th Cir. 2001). "Under the AEDPA, the appropriate standard of review for a particular claim is dictated by the treatment of that claim by the state courts." Hain v. Gibson, 287 F.3d 1224, 1229 (10th Cir. 2002). "If a claim was not decided on the merits by the state courts (and is not otherwise procedurally barred), we may exercise our independent judgment in deciding the claim." Id. "In doing so, we review the federal district court's conclusions of law de novo and its findings of fact, if any, for clear error." Id. "If a claim was adjudicated on its merits by the state courts, the petitioner will be entitled to federal habeas relief only if he can establish that the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1), or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[,]' Id. § 2254(d)(2)." Id.

In this case, the New Mexico state courts twice denied Holt's state habeas petitions. One of those times, the court summarily disposed of Holt's claim. But we cannot tell from the record before us whether the court also summarily disposed of his claims the second time or addressed the merits of Holt's arguments. Therefore, we will

4

review the district court's legal conclusions de novo and its factual findings for clear error without applying AEDPA deference.

**B.**

Holt argues his counsel was ineffective for failing to obtain a plea agreement that reflected Holt's understanding. Holt contends that his attorney used threats and intimidation to force him to sign that plea agreement. In particular, Holt contends that his attorney told him that if he did not sign the plea agreement, a warrant would be issued for his arrest. Finally, Holt explains that there was a five-month delay between the time that his counsel signed the plea agreement and the time that he signed the plea agreement. Holt posits that this delay was part of a "preconceived" scheme.

In order to establish ineffective assistance of counsel, a petitioner must show both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 691 (1984). To show deficient performance, a petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness." Moore v. Reynolds, 153 F.3d 1086, 1096 (10th Cir. 1998). To show prejudice, a petitioner must "demonstrate there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different." Id.

The magistrate judge and subsequently the district court concluded that Holt failed to show ineffective assistance of counsel because he could show neither deficient performance nor prejudice. Holt summarily argues that his written plea agreement did not comport with his understanding of what the agreement would be. But the magistrate

5

judge compared Holt's verbal plea and the sentence imposed with the written plea agreement to ensure that they were consistent. The magistrate judge found "no difference between what [Holt] agreed to in open court and what is provided in the plea agreement and . . . no difference between the sentencing made in open court and that set out in the Judgment." (Report and Recommendation at 10.) Holt has made no showing that undermines that conclusion.

Further, we agree with the magistrate that Holt's argument that he was coerced into signing the plea agreement by his attorney's statement concerning an arrest warrant is without merit. "If [Holt's] attorney told [him] that a warrant would be issued for his arrest if he didn't sign the plea agreement, that statement was more than likely true, and by making this statement, his attorney was not being objectively unreasonable." (Id. at 11.)

Finally, the magistrate judge relied on the statements made by Holt during his plea colloquy. During his exchange with the court, Holt represented,

> [T]hat he understood his plea; that he understood that he had the right to plead not guilty; that he was giving up his right to have a trial, to present a defense, to cross-examine witnesses; that no one was forcing him to change his plea; that no promises were made other than those on the record; that he discussed his plea with his attorney and was satisfied with his attorney's advice; that there was nothing that would prevent him from understanding the contents of the plea; that he was aware of the penalties; and that he understood that if he was placed on probation and violated his probation, he could be placed in custody for the remaining period of time.

(Id. at 8.) Further, Holt signed the following affirmation in his plea agreement:

> I have read and I understand this agreement. . . . I have discussed the case and my constitutional rights with my lawyer. I understand that when I plead guilty I give up the following rights: my right to a trial by jury, my right to confront, cross-examine, and compel the attendance of witnesses, and my privilege against self-incrimination. I agree to enter my plea according to the terms and conditions set forth in this agreement.

(Id. at 9.) The magistrate concluded that the statements made by Holt during his plea colloquy combined with the affirmation in his plea agreement show that he understood his plea agreement and that his counsel's performance did not fall below an objective standard of reasonableness.

We agree with that conclusion. Numerous courts have denied relief under § 2254 and § 2255 to petitioners alleging that their guilty pleas were the product of ineffective assistance when their plea colloquies demonstrated otherwise. E.g., Hammons v. Paskiewicz, 368 F. App'x 904, 907 (10th Cir. 2010) (unpublished); United States v. Padilla-Rodriguez, 335 F. App'x 724, 727–28 (10th Cir. 2009) (unpublished), cert. denied, 130 S. Ct. 300 (2009); United States v. Aparicio, 214 F. App'x 866, 868 (10th Cir. 2007) (unpublished). In fact, in Fields v. Gibson, we emphasized the importance of plea colloquies: "This colloquy between a judge and a defendant before accepting a guilty plea is not pro forma and without legal significance. Rather, it is an important safeguard that protects defendants from incompetent counsel or misunderstandings." 277 F.3d 1203, 1214 (10th Cir. 2002). We fail to see how the delay between the time that Holt's counsel signed the plea agreement and the time that he signed the plea agreement undermines the statements made by Holt in his plea colloquy. So, after carefully

7

reviewing Holt's filing in this Court, the district court's disposition, and the record on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of Holt's petition on this ground.

## C.

Next, Holt argues that he was denied the right to confront Detective Eric Meek at his probation revocation hearing. Holt's complaint centers around a contradiction in a statement read at that hearing from a document prepared by Meek and a statement in the criminal complaint also prepared by Meek. Holt states that the probation officer who testified at the probation revocation hearing made the following statement: "Detective Meek . . . witnessed Jimmy Holt hand suspect Sandra Miller a ten (10) piece of crack cocaine, Ms. Miller in return hands Jimmy Holt a ten." (Id. at 12.) But Holt points out that in the criminal complaint, Meek stated that "he witnessed Jimmy Holt place his hand in the suspect's and walk off. Ms. Miller the suspect then hands him two twenty dollar crack rocks, he in return hands Ms. Miller two twenty dollar bill[s]." (Id.)

A probationer faced with the revocation of probation is entitled "to cross-examine adverse witnesses, unless the hearing body specifically finds good cause for not allowing confrontation." Black v. Romano, 471 U.S. 606, 612 (1985). But a Confrontation Clause error can be harmless. In determining whether a Confrontation Clause error is harmless in the context of a trial, we have looked at several factors:

> (1) the importance of the witness's testimony in the prosecution's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on

8

material points; (4) the extent of the actual cross-examination; and (5) the overall strength of the [prosecution's] case.

United States v. Burke, 571 F.3d 1048, 1057–58 (10th Cir. 2009), cert. denied, 130 S. Ct. 565 (2009).

In this case, because Detective Meek did not testify at the revocation hearing, Holt could not cross-examine him. But the magistrate judge and the district court concluded that the alleged contradiction in Meek's statements was irrelevant to the district court's finding that Holt committed a technical violation of probation. We agree and find that any error that occurred because of Holt's inability to cross-examine Meek was harmless.

Here, the court revoked Holt's probation because he associated with a felon on probation, Sandra Miller. At his revocation hearing, Holt admitted knowing Miller. Holt proffered a letter to the court in which his friend asked Miller, "Why didn't you tell him you were on probation?" (Report and Recommendation at 13.) Then, Miller responded, "I don't tell anybody I'm on probation." (Id.) Finally, the court reviewed a police report documenting Holt's interaction with Miller. That shows that Holt violated probation by associating with Miller. Any inconsistency in Meek's statements concerning the amount of crack cocaine exchanged between Holt and Miller does not relate to the association that led to the revocation of Holt's parole. So again we conclude that reasonable jurists would not debate the district court's dismissal of Holt's petition on this ground.

9

**D.**

Next, Holt asserts that the district judge illegally interjected himself into the plea bargain discussions by insisting that Holt become part of the STEPS program in violation of New Mexico Rule of Criminal Procedure 5-304[1] and the Fourteenth Amendment.[2] The magistrate judge and district court concluded that this claim predominantly alleges violations of state law, and that this cannot be a proper basis for federal habeas relief. That is undoubtedly correct. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."). While Holt cites

---

[1] Rule 5-304 reads in pertinent part as follows:

> The attorney for the state and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty, no contest or guilty but mentally ill to a charged offense or to a lesser or related offense, the attorney for the state will move for dismissal of other charges, or will recommend or not oppose the imposition of a particular sentence, or will do both. The court shall not participate in any such discussions.

N.M. R. Crim. P. 5-304(A)(1).

[2] Holt argued below that the judge's actions also violated Federal Rule of Criminal Procedure 11, but he failed to persist in that argument before this Court. Therefore, we need not consider it. See Phillips v. James, 422 F.3d 1075, 1080 (10th Cir. 2005) (recognizing that we lack jurisdiction to consider issues not raised in the parties' briefs). But even if we did, we agree with the magistrate and district court that Rule 11 does not govern state courts. See Miles v. Dorsey, 61 F.3d 1459, 1467 (10th Cir. 1995) (explaining that Rule 11 does not apply in state courts). Therefore, it cannot be a basis on which to challenge a plea in a state court criminal proceeding. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

the Fourteenth Amendment, he does not explain how the judge's alleged interference violates the Fourteenth Amendment. Instead, Holt relies on Rule 5-304's prohibition of court participation in plea negotiations. And that, as explained, does not give rise to federal habeas relief. So once again we conclude that reasonable jurists would not debate the district court's dismissal of Holt's petition on this ground.

## E.

Finally, Holt argues that the time limits set forth in New Mexico Rule of Criminal Procedure 5-805, which governs probation revocation hearings, were not met, which in turn violated not only Rule 5-805 but also the due process clause of the Fourteenth Amendment.[3] The magistrate judge and the district court again concluded that this claim predominantly alleges violations of state law, and this cannot be a proper basis for federal habeas relief. Again, that is correct. See Estelle, 502 U.S. at 67–68 ("[F]ederal habeas corpus relief does not lie for errors of state law."). Holt summarily asserts that the due process clause was violated but relies only on the time limits set forth in Rule 5-805. So, similar to the previous claims, we conclude that reasonable jurists would not debate the district court's dismissal of Holt's petition on this ground.

## III. CONCLUSION

---

[3] Holt also argued below that this violated the due process clause of the Sixth Amendment, but he failed to persist in that argument before this Court. So, as we discussed regarding Holt's claim that the state court judge's actions violated Rule 11, we need not consider this argument. See Phillips, 422 F.3d at 1080 (recognizing that we lack jurisdiction to consider issues not raised in the parties' briefs).

11

Because Holt has failed to demonstrate that reasonable jurists would debate the district court's dismissal of his petition, he has not made a substantial showing of the denial of a constitutional right. Accordingly, we DENY Holt's application for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge